O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CV 02-01798 CAS (CTx) |
| Plaintiff, ) | |
| ) | ORDER DENYING CLAIMANT'S MOTION TO VACATE ORDER DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(3) |
| vs. ) | |
| ) | |
| REAL PROPERTY IN CHINO, ) CALIFORNIA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |
| FRANK P. ACOSTA, KELLI DAVIS ) PETERSON, aka KELLI DAVIS ) HUMPHREY, COUNTY OF SAN ) BERNARDINO, and COMMUNITY ) COMMERCE BANK, ) | |
| Claimants. ) | |
| _____ ) | |

**I.     INTRODUCTION & BACKGROUND**

On November 6, 2009, plaintiff United States of America and claimants Frank P. Acosta and Kelli Davis Peterson filed a stipulated request for dismissal of the government's civil forfeiture action against defendant Real Property in Chino,

California. The parties have stipulated as follows:

This civil forfeiture action arises from the same general facts as the criminal actions entitled <u>United States v. Frank P. Acosta</u>, CR 02-390 (B) AHS, and <u>United States v. Kelli Anne Peterson</u>, CR 03-41 GPS. Claimants Acosta and Peterson were convicted in the referenced criminal actions and ordered to pay restitution in the sums of $1,364,214.60 (Acosta) and $2,146,564.00 (Peterson). Claimants Acosta and Peterson are the beneficial owners of the defendant real property.

Claimants County of San Bernardino and Community Commerce Bank hold secured interests in the defendant real property that are not sought to be forfeited by the government and are not challenged by claimants Acosta and Peterson. The secured interest of the County of San Bernardino in the defendant real property was formally recognized by a stipulation and ordered entered in this action on May 2, 2002 (docket #19). The secured interest of Community Commerce Bank in the defendant real property was formally recognized by a stipulation and order entered in this action on August 13, 2002 (docket # 30). The orders recognizing these liens provided that the liens would be paid upon forfeiture and sale of the defendant real property. The dismissal ordered herein will have no effect on the liens, which are to be paid out of the gross proceeds of the sale.

The government and claimants Acosta and Peterson have agreed that the defendant real property should be sold and the net proceeds that otherwise would be paid to claimants Acosta and Peterson should be applied to the above-referenced restitution orders. The stipulating parties have further agreed that the sale of the defendant property and distribution of the proceeds of sale to restitution are more efficiently handled through the criminal cases by the Financial Litigation Unit of the U.S. Attorney's Office. The parties contemplate that each of Acosta and Peterson will receive full credit against their respective restitution orders in the amount of net sales proceeds actually applied to restitution.

On November 12, 2009, the Court granted parties' stipulated request and

dismissed the action without prejudice.

On August 31, 2010, claimant Acosta, proceeding pro se, moved to vacate the Court's November 12, 2009 order dismissing the action pursuant to Federal Rule of Civil Procedure 60(b)(3). On October 4, 2010, the government filed its opposition. The Court took the matter under submission on September 8, 2010. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Under Rule 60(b)(3), the court may relieve a party from a final judgment, order, or proceeding any order based on "fraud . . . , misrepresentation, or misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). To prevail under Rule 60(b)(3), the moving party must establish by clear and convincing evidence that a judgment was obtained by fraud, misrepresentation, or misconduct and that the conduct complained of prevented the moving party from fully and fairly presenting the case. Casey v. Albertsons's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004).

## III.   DISCUSSION

Claimant argues that the government's entry into the Stipulation Agreement ("Stipulation") and the government's "refusal to honor the Stipulation" constitutes fraud. Mot. at 1. Claimant asserts that he should have received "full credit of any and all net sales proceeds derived from the sale of the property" under the Stipulation. Id. at 2. Claimant contends that the government had "knowing intent to dishonor the terms of the Stipulation by not giving Acosta full credit of $801,195.00 towards his restitution amount." Id.

The government responds that claimant's assertion that the government failed to comply with the terms of the Court's order is false. Opp'n at 3. The government argues that the defendant real property was sold and the net proceeds of the sale were applied to the criminal restitution orders in accordance with the Court's November 12, 2009 order. Id. at 2-3. The government argues that even if it were true that claimant did not

receive proper credit toward his restitution, claimant's motion is futile and improper because the claimant's challenge should have been made in the criminal case in which the restitution order was issued, rather than in the dismissed civil forfeiture case. Id. at 3. Claimant does not provide any evidence to support his claim that he did not receive full credit towards his restitution.

Even if it could be said that the claimant did not receive proper credit toward his restitution, claimant's arguments still fail to prove by clear and convincing evidence that any conduct by the government rises to the level of fraud, misrepresentation, or misconduct. The Court thus concludes that claimant is not entitled to relief from judgment under Federal Rule of Civil Procedure 60(b)(3) because claimant has failed to meet his burden.

**IV. CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES claimant Acosta's motion to vacate the Court's November 12, 2009 order.

IT IS SO ORDERED.

Dated: November 15, 2010

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE